# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

IN RE:                                          CASE NO.    <u>01-20719</u>

     ELAINE SHERMAN

_____ <u>Debtor(s)/</u>

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

**Oak Point Partners, Inc.** ("Applicant") applies to this Court for entry of an order directing the clerk to remit the sum of **$1,338.62** due to Oak Point Partners, Inc., successor in interest to the Post-Consummation Estate for the Finance Company Debtors, Conseco Finance Corporation ("Claimant").

| 1. | Full legal name of Claimant | Oak Point Partners, Inc. |
|---|---|---|
| 2. | Type of Entity | Corporation |
| 3. | State of Incorporation/Organization | IL |
| 4. | Name and Title of Authorizing Officer or Representative | Eric A. Linn, President, Oak Point Partners, Inc. |
| 5. | Current Mailing Address | 1540 E. Dundee Rd., Suite 240 Palatine, IL 60074 |
| 6. | Telephone Number | (847) 577-1269 |
| 7. | EIN # | 30-0008093 |
| 8. | Amount Being Claimed | **$1,338.62** |

    Applicant represents that Applicant is authorized to submit this Application and is entitled to receive the requested funds because **Applicant is the original creditor's successor in interest, as evidenced in the attached documentation**.

    This Application is submitted with the necessary documents to establish (1) Applicant's authority to collect the unclaimed funds on behalf of the Claimant and (2) the Claimant's entitlement to the particular unclaimed funds. The Application was completed and submitted in accordance with the Court's instructions for filing an application for payment of unclaimed funds.

In accordance with 28 U.S. C. § 2042, Applicant certifies that a copy of this Application, including all attachments, have been provided to the Office of the United States Attorney on _4/12/11_, at:

      o  **Panama City Division
          111 N. Adams St., 4th Floor, Tallahassee, FL 32301**

      Therefore, Applicant requests the Court enter an order directing payment of unclaimed funds described above to the Applicant in accordance with the documents submitted in support of the Application.

      Under penalty of perjury, I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: _4/12/11_

Oak Point Partners, Inc.

By: _Eric A. Linn_

Eric A. Linn,  its President

1540 E. Dundee Rd., Suite 240

Palatine, IL  60074

(847) 577-1269

State of _ILLINOIS_ )
                ) ss.
County of _COOK_ )

      Before me, _DEE M. BENDER_, a notary public for said state, on this _12th_ day of _APRIL_, 20 _11_, personally appeared Eric A. Linn as President of Oak Point Partners, Inc. who executed the within foregoing instrument on behalf of Conseco Finance Corporation, and acknowledged to me that he executed the same as his free and voluntary act and deed on behalf of said company for the uses and purposes therein set forth.

_Dee M. Bender_
Notary Public

My commission expires: _1/30/2012_

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2012

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

IN RE:                                          CASE NO.   01-20719

**ELAINE SHERMAN**

_____**Debtor(s)/**_____

## AFFIDAVIT OF CLAIMANT

I, Eric A. Linn, President, Oak Point Partners, Inc., the undersigned claimant, declare as follows:

1. Oak Point Partners, Inc. is seeking payment of **$1,338.62** held in the registry of the Court.

2. My name, position with company, address and telephone numbers are as follows:

Eric A. Linn, President
Oak Point Partners, Inc.
1540 E. Dundee Rd., Suite 240
Palatine, IL  60074

3. Copies of all necessary documentation, including those which establish the chain of ownership of the original corporate creditor and which substantiate claimant's right to the funds, are attached.

4. Oak Point Partners, Inc. has neither previously received these funds nor contracted with any other party other than the person named in item one above to recover these funds.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated:  4/12/11                          By _____
                                         Eric A. Linn, President, Oak Point Partners, Inc.

Sworn to and subscribed before me this 12th day of APRIL , 20 11 .

_____
Notary Public
In and for the State of ILLINOIS

My commission expires: 1/30/2012

[SEAL] Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:                              )
                                    )
ELAINE SHERMAN,                     )   CASE NO.  01-20719-PCY5
                                    )   CHAPTER 7
        Debtor.                     )
_____     )

<u>REPORT OF UNCOLLECTED FUNDS</u>

   JOHN E. VENN, JR., TRUSTEE, hereby reports that the
following funds of the above-referenced debtor estate were
uncollected:

| CLAIM NO. | NAME AND ADDRESS OF CREDITOR | AMOUNT |
|---|---|---|
| 1 | Salisbury Imaging Center<br>P. O. Box 930710<br>Atlanta, GA 31193 | $524.40 |
| 11 | Conseco Finance<br>7322 Southwest Freeway<br>Suite 160<br>Houston, TX 77074 | $1,338.62 |

Dated: 8/25/05                /s/ John E. Venn, Jr.
                              JOHN E. VENN, JR.,
                              TRUSTEE
                              FL Bar No. 184992
                              220 W. Garden St.
                              Suite 603
                              Pensacola, FL 32502
                              (850) 438-0005



# Oak Point Partners

**1540 E. Dundee Road ♦ Suite 240 ♦ Palatine, IL 60074**

## *Affidavit*

### Re: Unclaimed Property owed to Oak Point Partners, Inc.

The undersigned, Janice A. Alwin, Vice President, General Counsel & Assistant Secretary at Oak Point Partners, Inc., hereby certifies that:

1. Eric A. Linn is President of Oak Point Partners, Inc., and

2. Eric A. Linn has all applicable rights therein to claim property belonging to, and on behalf of, Oak Point Partners, Inc.

Sincerely,

Janice A. Alwin
Vice President,
General Counsel & Assistant Secretary
Oak Point Partners, Inc.

Subscribed and Sworn Before Me This

_12th_ DAY OF _APRIL_ , _2011_

_Dee M. Bender_
NOTARY PUBLIC

COMMISSION EXPIRES _1/30/2012_

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2012

## PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS (this "Agreement"), dated as of ~~May 7~~, 2010 is between the POST-CONSUMMATION ESTATE OF THE FINANCE COMPANY DEBTORS ("CFC Post-Consummation Estate" or "Seller") and OAK POINT PARTNERS, INC. ("Purchaser").

### WITNESSETH:



WHEREAS, Conseco Finance Corp. and certain of its affiliates (the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which cases are jointly administered under Case No. 02-49675 (the "Bankruptcy Case"); and

WHEREAS, Seller owns the rights to a claim or claims filed for sales tax refunds from the state of Michigan and any proceeds thereof, net of certain contingency fees (the "Net Sales Tax Refund"); and



WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the CFC Post-Consummation Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred, encumbered or resolved (the "Remnant Assets"); and

WHEREAS, Remnant Assets specifically excludes a) cash held at the time of this Agreement by Seller in bank accounts earmarked for distribution to creditors, payment of professional fees, distribution to charity and/or any other purpose; and b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

WHEREAS, subject to approval of the Bankruptcy Court, Seller has the power and authority to sell and assign all right, title and interest in and to the Net Sales Tax Refund and Remnant Assets (the Net Sales Tax Refund and Remnant Assets are collectively referred to herein as the "Accounts") to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. Purchase Price. The Purchase Price shall be good funds in the amount of █████████████ █████████), payable within 3 business days after approval of this Agreement by the Bankruptcy Court.



2. Assignment of Accounts. Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Accounts only, as well as any and all claims and rights related to the Accounts, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in satisfaction of the Accounts and all amounts, interest, costs due under the Accounts.

3. Copies of Documentation. At or before closing, Seller will provide to Purchaser copies of available back-up documentation for the Accounts.

4. Authority to Sell. The sale of the Accounts shall be made pursuant to an order of the Bankruptcy Court approving this Agreement.

5. **Payments Received on Accounts.** Seller further agrees that any payments received by Seller on account of any Accounts shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's offices set forth below. Seller agrees to forward to Purchaser all notices received with respect to any Accounts assigned herein and to take such action with respect to the Accounts, as Purchaser may from time to time reasonably request. Notwithstanding the foregoing or anything herein to the contrary, any amounts received by Purchaser in excess of $100,000 shall be paid 30% to charitable organizations of which 15% is allocated by the Purchaser and 15% allocated by the Seller as listed in Appendix A and 70% to Purchaser.

6. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that a) Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Accounts as is set forth in this Agreement; and b) the Accounts are held by Seller free of any liens or other encumbrances.
EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE ACCOUNTS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

7. **Mail Forwarding.** To the extent that the Seller utilizes a dedicated P.O. Box or other mailing address which receives mail exclusively for the CFC Post-Consummation Estate (and not also for other unrelated entities or persons), then Seller agrees that subsequent to the closing of the Bankruptcy Case and when all work has been wrapped up for the CFC Post-Consummation Estate, the Seller or a representative will file a change of address form with the U.S. Postal Service so mail sent to such dedicated address for the CFC Post-Consummation Estate will be forwarded by the U.S. Postal Service to Purchaser's P.O. Box. If requested by the Seller or its representatives, Purchaser will agree to monitor incoming mail and to use its reasonable efforts to forward to the Seller or its representatives such mail that Purchaser believes may require the attention of the Seller or its representatives.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.



9. **Limited Power of Attorney.** Solely with respect to the Accounts, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Accounts herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Accounts and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the

2

internal laws of the State of Illinois, without giving effect to choice of law principles of the State of Illinois.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _Eric A. Linn_
Name:  ERIC LINN
Its:       President

Address *(for regular mail and mail forwarding)*: PO Box 8338, Rolling Meadows, IL 60008
Address *(for overnight delivery)*: 1540 E. Dundee Rd., Suite 240, Palatine, IL 60074
tel (847) 577-1269       fax (847) 655-2746

**POST-CONSUMMATION ESTATE OF THE FINANCE COMPANY DEBTORS**

By: _David Phelps_
Name: DAVID PHELPS
Its:    Consumer Finance Corp
           Plan Administrator
Address:
           25 E Washington
           Suite 1320
           Chicago, IL 60601
Attention:
tel (   )                fax (   )

3

 **Department of the Treasury**
**Internal Revenue Service**
**Ogden, UT 84201**

In reply refer to:   0444870840
Dec 12, 2008          LTR 147C
30-0008093

OAK POINT PARTNERS INC
1540 E DUNDEE RD STE 240
PALATINE          IL 60074-8320 659

Taxpayer Identification Number: 30-0008093

Form(s):

Dear Taxpayer:

This letter is in response to your telephone inquiry of December 12th, 2008.

Your Employer Identification Number (EIN) is 30-0008093. Please keep this number in your permanent records. You should enter your name and your EIN, exactly as shown above, on all business federal tax forms that require its use, and on any related correspondence documents.

If you have any questions regarding this letter, please call our Customer Service Department at 1-800-829-0115 between the hours of 7:00 AM and 10:00 PM. If you prefer, you may write to us at the address shown at the top of the first page of this letter. When you write, please include a telephone number where you may be reached and the best time to call.

Sincerely,

Pamela Hales
143882
Accounts Management



(Official Form 1) (9/01)

| FORM B1 | UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Conseco Finance Corp. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br><br>Green Tree Financial Corporation | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec/Tax I.D. No. (if more than one, state all):<br>41-1807858 | Soc. Sec/Tax I.D. No (if more than one, state all): |
| Street Address of Debtor (No & Street, City, State & Zip Code):<br>1100 Landmark Towers<br>345 St. Peter Street<br>Saint Paul, MN 55102-1639 | Street Address of Joint Debtor (No & Street, City, State & Zip Code): |
| County of Residence or of<br>the Principal Place of Business: Ramsey County, MN | County of Residence or of<br>the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)
- [ ] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [x] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | |
|---|---|---|---|
| [ ] Individual(s) | [ ] Railroad | [ ] Chapter 7   [x] Chapter 11   [ ] Chapter 13 | |
| [x] Corporation | [ ] Stockholder | [ ] Chapter 9   [ ] Chapter 12 | |
| [ ] Partnership | [ ] Commodity Broker | [ ] Sec. 304 - Case ancillary to foreign proceeding | |
| [ ] Other _____ | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| [ ] Consumer/Non-Business   [x] Business | [x] Full Filing Fee attached<br>[ ] Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that<br>the debtor is unable to pay fee except in installments. Rule 1006(b). See<br>Official Form No. 3. |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101<br>[ ] Debtor is and elects to be considered a small business under 11 U.S.C. §<br>1121(e) (Optional) | |

Statistical/Administrative Information (Estimates only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 100 |
|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,0<br>$10 |
|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $X<br>$ |
|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

U.S. Bankruptcy Court
Northern District Of Illinois
FILED: 12/17/02
Time: 10:45 p.m.
Debtor: CONSECO FINANCE CORP
Case: 02-49675
Chapter: 11 Rec# 371871
Judge Carol A. Doyle

1:02BK49675-BK001

(Official Form 1) (9/01)                                                          FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Conseco Finance Corp. |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location<br>Where Filed        N/A | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor:  See Attached | Case Number: | Date Filed: |
|---|---|---|
| District: Northern District of Illinois, Eastern Division | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor(s)
X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

**Signature of Attorney**

X _Signature of Attorney for Debtor(s)_
James H.M. Sprayregen, P.C.
Printed Name of Attorney for Debtor(s)
Kirkland & Ellis
Firm Name
200 East Randolph Drive
Address
Chicago, IL 60601-6636

(312) 861-2000
Telephone Number
December 17, 2002
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Charles H. Cremens_
Signature of Authorized Individual
Charles H. Cremens
Printed Name of Authorized Individual
President & CEO
Title of Authorized Individual
Date December 17, 2002

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter

X _____
Signature of Attorney for Debtor(s)          Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Name and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:                                          )       **Chapter 11**
                                                )
Conseco Finance Corp., et al.,[1]               )
                                                )
            Debtors.                            )       **Case No. 02-49675**
                                                )       **Honorable Carol A. Doyle**
                                                )       **(Jointly Administered)**
                                                )

**FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 07 2003
KENNETH S. GARDNER, CLERK
FS REP. = MJ**

**NOTICE OF (I) CONFIRMATION AND (II) DEADLINE FOR FILING (A) FINAL FEE APPLICATIONS
AND (B) REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS AGAINST
THE FINANCE COMPANY DEBTORS**

**NOTICE IS HEREBY GIVEN THAT:**

**Confirmation of the Plan.** On September 9, 2003, (the "Confirmation Date") the Court entered an order confirming the Finance Company Debtors' Sixth Amended Joint Liquidating Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). The Plan, the Plan Supplement and the Confirmation Order bind (i) the Finance Company Debtors, (ii) the Post-Consummation Estate, and the Plan Administrator on behalf of the Post-Consummation Estate, (iii) all Holders of Claims against and Interests in any Finance Company Debtor, regardless of whether such Holders are impaired under the Plan and, if so impaired, whether such Holders accepted or rejected, or are deemed to have accepted or rejected, the Plan, (iv) each Person acquiring property under the Plan, (v) all non-Finance Company Debtor parties to executory contracts and unexpired leases with any Finance Company Debtor, (vi) all Entities party to, or subject to, the settlements, compromises, releases, discharges, and injunctions described in the Plan or the Confirmation Order, and (vii) each of the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of each of the foregoing.

To obtain a copy of the Plan or the Confirmation Order, please contact Bankruptcy Management Corporation at 1-888-909-0100 or visit www.bmccorp.net/conseco.

**Anticipated Effective Date.** The Finance Company Debtors' Plan became Effective on Monday, September 15, 2003, at 4:00 p.m., CT (the "Effective Date").

---

[1]    The Finance Company Debtors comprise the following entities: (i) Conseco Finance Corp. and Conseco Finance Servicing Corp. (collectively, the "Initial Finance Company Debtors"), (ii) Conseco Finance Corp. - Alabama, Conseco Finance Credit Corp., Conseco Finance Consumer Discount Company, Conseco Finance Canada Holding Company, Conseco Finance Canada Company, Conseco Finance Loan Company, Rice Park Properties Corporation, Landmark Manufactured Housing, Inc., Conseco Finance Net Interest Margin Finance Corp. I, Conseco Finance Net Interest Margin Finance Corp. II, Green Tree Finance Corp. - Two, Conseco Agency of Nevada, Inc., Conseco Agency of New York, Inc., Green Tree Floorplan Funding Corp., Conseco Agency, Inc., Conseco Agency of Alabama, Inc., Conseco Agency of Kentucky, Inc., and Crum-Reed General Agency, Inc. (collectively, the "CFC Subsidiary Debtors"), (iii) Green Tree Finance Corp. - Five and Green Tree Residual Finance Corp. I (collectively, the "New Filing Entities") and (iv) Conseco Finance Credit Card Funding Corp. ("CFCCFC," together with the Initial Finance Company Debtors, the CFC Subsidiary Debtors, and the New Filing Entities, the "Finance Company Debtors").

**Claims Objection Deadline.** The Plan Administrator, on behalf of the Post-Consummation Estate, shall have the exclusive right to object to Claims for one year from the Effective Date, *provided*, *however*, that the Plan Administrator shall have the right to seek an extension of the Claims Objection Deadline.

**Fee Applications of Professionals.** Any professional seeking an allowance for compensation or reimbursement of expenses pursuant to sections 327, 328, 330 or 1103 of the Bankruptcy Code shall, on or before 4:00 p.m., CT, October 9, 2003, file with this Court and serve on the following entities a final application for professional fees and expenses:

| Bankruptcy Counsel to the Debtors and Counsel to the Post-Consummation Estate<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn: Anup Sathy, Esq.<br>and Roger Higgins, Esq. | The Office of the United States Trustee<br>227 West Monroe St.<br>Suite 3350<br>Chicago, Il. 60606<br>Attn: Richard Friedman, Esq. and<br>Gretchen Silver, Esq. |
| Counsel to the Creditors' Committee<br>Greenberg Traurig, P.C.<br>77 West Wacker Drive, Suite 2500<br>Chicago, Illinois 60601<br>Attn: Nancy Mitchell, Esq. | The Plan Administrator<br>Anthony H. N. Schnelling<br>Bridge Associates LLC<br>747 Third Avenue, Suite 32A<br>New York, NY 10017 |

**Executory Contracts and Unexpired Leases.** Any executory contracts or unexpired leases that have not expired by their own terms on or prior to the Effective Date, which the Finance Company Debtors have not assumed and assigned or rejected with the approval of the Bankruptcy Court (whether as part of the Sale Transactions or otherwise), or that are not the subject of a motion to assume the same pending as of the Effective Date, shall be deemed rejected by the Finance Company Debtors on the Effective Date. The executory contracts assumed in connection with the Sale Transactions are detailed in each of the relevant Asset Purchase Agreements, available electronically at www.bmccorp.net/conseco.

**Rejection Damages Bar Date.** If the rejection of an executory contract or unexpired lease pursuant to Plan Consummation results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a Proof of Claim that has been Filed, shall be forever barred and shall not be enforceable against the Finance Company Debtors, the Post-Consummation Estate, or their properties, successors or assigns, unless a Proof of Claim is Filed and served upon counsel to the Post-Consummation Estate and Bankruptcy Management Corp. on or before thirty (30) days after the later to occur of (I) the Effective Date; and (II) the date of entry of an order by the Bankruptcy Court authorizing rejection of a particular executory contract or unexpired lease.

**Administrative Claims Bar Date.** The Court has fixed November 10, 2003 at 4:00 p.m. (central time) as the date (the "Administrative Claims Bar Date") by which all entities, including individuals, partnerships, corporations, estates, trusts and governmental units, as defined by 11 U.S.C. § 101(27), holding Administrative Claims (as defined below) against the Finance Company Debtors arising from and after December 17, 2002, through and including the Confirmation Date, must file a request for allowance of such Administrative Claims. Any person who asserts such an Administrative Claim and wishes to have such Administrative Claim allowed by the Court and paid by Finance Company Debtors must file a request for allowance of such Administrative Claim with Bankruptcy Management Corporation at the following address.

If by courier/hand deliver:
Bankruptcy Management Corp.
Attn: Conseco Finance, Inc. Claims Agent
1330 E. Franklin Avenue
El Segundo, CA 90245

or, if by mail:
Bankruptcy Management Corp.
Attn: Conseco Finance, Inc. Claims Agent



I:\Project X\Confirmation Orders\Finance
Company\Exhibits\Final Confirmation Notice.doc

P.O. Box 1042
El Segundo, CA 90245-1042

All requests for allowance of Administrative Claims must be submitted in a form in accordance with the Bankruptcy Code, the Bankruptcy Rules and the local rules of the United States Bankruptcy Court for the Northern District of Illinois. **SHOULD YOU FAIL TO FILE A TIMELY REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM, SUCH (A) CLAIM SHALL NOT BE ALLOWED BY THE COURT OR (B) PAID BY THE POST-CONSUMMATION ESTATE.**

For purposes of this Notice, an Administrative Claim is any Claim (as hereinafter defined) that arose from and after December 17, 2002, through and including the Confirmation Date, with respect to which a holder intends to seek priority of payment pursuant to sections 503 and 507(a)(1) of the Bankruptcy Code, except that holders of the following types of administrative expense claims need not file requests for allowance of such Claims by the Administrative Claims Bar Date: (i) administrative claims of professionals retained pursuant to sections 327, 328 and 1103 of the Bankruptcy Code and Fed. R. Bankr. P. 2014 and (ii) all fees payable and unpaid under 28 U.S.C. § 1930.

For purposes of this Notice, a Claim means (a) a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, legal, equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured.

**This Notice is being sent to you by order of the Bankruptcy Court.**

Chicago, Illinois

Dated: September 15, 2003

KIRKLAND & ELLIS LLP

James H.M. Sprayregen P.C. (ARDC No. 6190206)
Anne Marrs Huber (ARDC No. 6226828)
Anup Sathy (ARDC No. 6230191)
Roger J. Higgins (ARDC No. 6257915)
Kevin L. Morris (ARDC No. 6278078)
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)

Counsel for the Debtors and Debtors-In-Possession



I:\Project X\Confirmation Orders\Finance Company\Exhibits\Final Confirmation Notice.doc

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Conseco Finance Corp., | ) | Case No. 02-49675 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Green Tree Residual Finance Corp. I, | ) | Case No. 03-23655 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

### ORDER GRANTING MOTION OF THE POST-CONSUMMATION ESTATE OF THE FINANCE COMPANY DEBTORS FOR ENTRY OF A FINAL DECREE AND ORDER (A) CLOSING THE CONSECO FINANCE CORP. AND GREEN TREE RESIDUAL FINANCE CORP. I CHAPTER 11 CASES; (B) AUTHORIZING THE PLAN ADMINISTRATOR TO TAKE ALL NECESSARY ACTIONS TO CLOSE AND TERMINATE THE CFC POST-CONSUMMATION ESTATE, INCLUDING (I) ENTERING INTO A CERTAIN PURCHASE AGREEMENT WITH OAK POINT PARTNERS, INC. FOR THE SALE OF REMNANT ASSETS, (II) AUTHORIZING THE FILING OF FINAL TAX RETURNS, PAYMENT OF ADMINISTRATIVE COSTS AND DESTRUCTION OF RECORDS AND (III) AUTHORIZING THE DISTRIBUTION OF ANY REMAINING FUNDS, AFTER PAYMENT OF ADMINISTRATIVE COSTS, TO CERTAIN CHARITABLE ORGANIZATIONS; (C) APPROVING RELEASE AND EXCULPATION IN FAVOR OF THE PLAN ADMINISTRATOR, ADVISORY BOARD AND THEIR RESPECTIVE REPRESENTATIVES; AND (D) APPROVING SHORTENED AND LIMITED NOTICE OF THE MOTION

Upon the motion (the "**Motion**")[1] of Bridge Associates, LLC ("**Bridge**"), as plan administrator (the "**Plan Administrator**") of the Post-Consummation Estate for the Finance Company Debtors (the "**CFC Post-Consummation Estate**"), pursuant to Sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of a final decree and order (a) closing the Conseco Finance Corp. and Green Tree Residual Finance Corp. I Chapter 11 cases; (b) authorizing the Plan Administrator to take all necessary actions to close and terminate the CFC Post-Consummation Estate, including (i) entering into a certain purchase agreement with Oak Point Partners, Inc. for the sale of Remnant Assets, (ii) authorizing the filing of final tax returns, payment of administrative costs (including, without limitation, payment of any fees due and owing to the Office of the United States Trustee) and destruction of records and (iii) authorizing the distribution of any remaining funds, after payment of administrative costs, to certain charitable organizations; (c) approving Exculpation in favor of the Plan Administrator, Advisory Board and their respective representatives; and (d) approving shortened and limited notice of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been given; and it appearing that no other notice of the Motion need be provided; and a hearing on the matter having been held on April 29, 2010 (the "**Hearing**"); and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the CFC Post-Consummation Estate has been fully administered and the Plan has been substantially consummated and, therefore, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Conseco Finance Corp. Chapter 11 case (Case No. 02-49675) and the Green Tree Residual Finance Corp. I Chapter 11 case (Case No. 03-23655) may be closed; and it is further

ORDERED that the Clerk of the Court is directed to mark the Conseco Finance Corp. and the Green Tree Residual Finance Corp I Chapter 11 cases as "closed"; and it is further

ORDERED that the Plan Administrator is authorized to take all necessary actions to close and terminate the CFC Post-Consummation Estate, including, without limitation filing final tax returns and paying any administrative costs, including, without limitation, any fees due and owing to the Office of the United States Trustee, and it is further

ORDERED that each and every term of the Oak Point Agreement is approved, and the Plan Administrator is authorized to enter into the Oak Point Agreement; and it is further

ORDERED that the Plan Administrator shall store any and all records of the CFC Post-Consummation Estate to and including December 31, 2010, is authorized to destroy all records of the CFC Post-Consummation Estate after December 31, 2010 and shall pre-fund any and all costs associated with such record storage and destruction; and it is further

ORDERED that the Plan Administrator is authorized to and shall disburse any remaining funds of the CFC Post-Consummation Estate, after payment of all

3
CHI 59,419,932v4 5-6-10

administrative costs (including any fees due and owing to the Office of the United States Trustee), to those charitable organizations set forth on Exhibit A hereto and in the amounts set forth on Exhibit A; and it is further

ORDERED that the Exculpation provisions of the CFC Post Consummation Estate Agreement in favor of the Plan Administrator, Advisory Board and their respective representatives shall continue in full force and effect, notwithstanding the closing of this Chapter 11 case; and it is further

ORDERED that the one member Advisory Board shall be deemed to have acted properly in approving the filing of the Motion and the requests set forth therein, and such actions are hereby ratified and approved; and its is further

ORDERED that to the extent that the CFC Estate Agreement requires that the Advisory Board consist of more then one member, such requirement is hereby waived; and it is further

ORDERED that the shortened and limited notice of the Motion is approved; and it is further

ORDERED that the notice requirements of Local Rule 3022-1 are waived.

Dated: May 7, 2010

THE HONORABLE CAROL A. DOYLE
UNITED STATES BANKRUPTCY JUDGE

4
CHI 59,419,932v4 5-6-10

## EXHIBIT A

### (LIST OF CHARITABLE ORGANIZATIONS)

| Name of Charitable Organization | Proposed Distribution |
|---|---|
| The Anthony H.N. Schnelling Endowment Fund | $100,000 |
| Chicago Bar Foundation-Bankruptcy Pro Bono Projects Fund | Any remaining funds |

5

*CHI 59,419,932v4 5-6-10*

Bridge Associates LLC: David N. Phelps



# Bridge



**TEL:** (312) 795-3094
**TEL:** (219) 241-0701
**FAX:** (877)
349-1988
dphelps@bridgellc.com

## EDUCATION

- Indiana
  University
  (B.S.)
- Certified Public
  Accountant
  (CPA)

## CLIENT ENGAGEMENTS

- Brill Media
  Management,
  Inc.
- Conseco
  Finance
  Corporation
- Level Propane
  Gases, Inc.

Publications &
Presentations

- Closely held
  company issues

process.

## David N. Phelps

**Lead Co-Managing Member**

David N. Phelps is a Managing Director with Bridge Associates, LLC. He joined Bridge in 2002. Mr. Phelps has nearly 30 years of extensive experience in strategy, operational and financial restructuring and mergers and acquisitions.

### Representative Matters

- Currently, Mr. Phelps serves as Chief Restructuring Officer and leads the Bridge team serving as bankruptcy restructuring advisor to **Provident Royalties, LLC**, an acquirer and investor in both producing and non-producing leasehold and mineral interests across the United States.
- Co-heads Bridge's Interim Management Team at **International Wire Group** and provides direction and operational implementation as the Company addresses the strategic direction it wishes to take with its insulated wire division.
- Serves as Chief Restructuring Advisor to **Torch Offshore, Inc.**, a offshore oil field construction company with $70 million in annual revenues.
- Member of the Bridge Crisis Management for **Wickes Inc.**, a $450 million annual revenue supplier of building materials to the construction and home building industry. In that role, Mr. Phelps headed the Operations and M&A team.
- Co head of the Bridge Crisis Management Team for **Conseco Finance Corporation**, a sub-prime lender and servicer of mortgage portfolios with assets of approximately $25 billion. In that role, Mr. Phelps was responsible for evaluating and monitoring the sale of substantially all operating assets for in excess of $1.3 billion. 
- Member of Bridge's Bankruptcy Advisory Team for **Brill Media**, a media holding company which owned approximately 12 radio stations and published 54 local newspaper and buyer guides before its Chapter 11 filing in 2002.
- Headed the Bridge Wind Down Team for **TransCom USA**, a $300 million (pre-petition) heavy duty truck parts distributor roll-up.

### PRIOR EXPERIENCE

Prior to joining Bridge, Mr. Phelps was Chief Financial Officer and a Member of the Board of Directors for **TransCom USA**, where he was responsible for financial management, financial reporting, information technology and human resources. In this capacity he worked closely with the Bridge Crisis Management and Bankruptcy Advisory team hired to lead TransCom through its Chapter 11 bankruptcy. Together Mr. Phelps and the Bridge team closed 17 sale transactions in six months through the section 363 bankruptcy auction process.

Mr. Phelps also served as Executive Vice President and Chief Financial Officer of Phelps Holding, Inc., a group of privately owned companies in specialty distribution of transportation components, real estate, manufacturing and truck equipment sales and installation. During more than 25 years with Phelps Holding, he participated in the acquisition of several companies through the bankruptcy

5/11/2010 1:33 PM

## Professional & Civic Activities

- Mr. Phelps is a Certified Public Account licensed in the State of Indiana.
- Member, American Bankruptcy Institute

Disclaimer Site Map Site by Firmseek © 2010 Bridge Associates LLC